## MACK BOYKIN v. THE STATE.

No. 589.   Decided May 11, 1910.

**1.—Aggravated Assault—Evidence—Bill of Exceptions—Practice on Appeal.**

Where, upon trial of aggravated assault, the defendant sought to show that there was a variance in the statements of the witness between his testimony and that made on a former trial, but the bill of exceptions did not show what the answer of the witness would have been nor the purpose of the testimony, the same could not be considered on appeal.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where, upon trial of aggravated assault, the defendant objected to a statement made by the witness in regard to statements by a third party with reference to the difficulty, and the qualification of the bill of exceptions showed that this statement was made in the presence of the defendant, there was no error; besides the bill of exceptions did not set out the illegality of this testimony and could therefore not be considered on appeal.

**3.—Same—Sufficiency of the Evidence—Deadly Weapon.**

Where, upon trial of aggravated assault with a deadly weapon, the evidence showed that the clubs and sticks used by the defendant were of a deadly character, the same was sufficient to sustain the conviction.

Appeal from the County Court of Jasper. Tried below before the Honorable W. B. Powell.

Appeal from a conviction of aggravated assault; penalty, a fine of $75. The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—On question of insufficiency of the bill of exceptions in not stating purpose of evidence: Loakman v. State, 32 Texas Crim. Rep., 561; Gonzales v. State, 32 Texas Crim. Rep., 611; Levine v. State, 35 Texas Crim. Rep., 647; Coyle v. State, 31 Texas Crim. Rep., 604.

DAVIDSON, Presiding Judge.—Appellant was convicted of an aggravated assault, his punishment being assessed at a fine of $75.

1.   Bill of exceptions No. 1 recites that on cross-examination by defendant, "after fixing the time and place, and the persons present, the defendant as further preliminary, asked the witness if Isaac Dearman pleaded guilty to simple assault, which question was supposed to lead up to testimony by said witness that the witnesses, himself among them, exonerated this defendant of any offense, and that the statements now made at this trial are different and are at variance with the statements made on the former trial of this case in which the witness Isaac Dearman pleaded guilty to simple assault," which question was objected to by the State and sustained by the court, to which ruling of the court defendant then and there excepted and tendered his bill of exceptions.   We are unable to understand definitely the exact purpose of the matters sought to be perpetuated in this bill.   It does not state what the answer of the witness would have been.   It does state that this question was supposed to lead up to testimony by said witness that the witnesses on the other trial exonerated defendant of any offense, and that the statements made on this trial are different and at variance with the statements made on the former trial when Dearman pleaded guilty to simple assault.   What those statements were is not set out.   What the witness' answer would have been in regard to these matters is not set out, nor the object and purpose of introducing this testimony or what the testimony was or would have been.   As the bill is presented, we are unable to revise the supposed error on the part of the court in this ruling.

2.   Another bill of exceptions recites that "the plaintiff, to maintain the issue on its part, asked the witness, Jim Boykin, who was the alleged injured party, to state what he knew about the difficulty, and in reply stated, 'Ike Dearman said if he (Prince Dearman) paid the fine that wouldn't be half there is to be done.'"   Appellant objected to this as hearsay; Ike Dearman was present in court, and the statement was at a different time and at a different place, was a conversation between the parties not on trial, and not charged with the offense, and the same was wholly irrelevant and immaterial to the issue in this case.   These objections were overruled.   The court qualifies this bill as follows: "The defendant was present when the above remark objected to was made, and with this explanation the bill is allowed, and approved and ordered filed."   The bill does not show the illegality of this testimony,

if illegal. Ike Dearman was a party supposed to have plead guilty to a simple assault, and was, under the evidence, one of the parties to the fight and assault upon which this conviction was predicated, and was participating in it under the evidence contained in the record. If we go to the evidence it seems that Ike Dearman plead guilty to simple assault, and some of the other parties were bound over to the grand jury. As this matter is presented by this bill we find no error requiring a reversal of the judgment. In fact, we are of opinion as presented the evidence was admissible.

3. It is contended that the evidence is not sufficient to sustain the verdict of the jury, and judgment of the court. We are of opinion there is evidence which justified the finding of the jury. It seems the parties had attended a Justice Court where there was an investigation of some fighting troubles between the parties, and after the adjournment of the court or about the time the parties were leaving the Justice Court, the assaulted party, Jim Boykin, overheard some threats made by the other parties, appellant being one, in regard to doing him personal violence, and notified the justice of the peace and constable of that fact, and wanted to borrow a pistol or weapon with which to protect himself enroute home. They did not lend him any weapon and informed him they thought there was no danger. He waited until the other parties had left. They, in leaving, traveled one road, and to avoid coming in contact with them Boykin and his wife and another woman, who was in their carriage, took a different route. The two roads came together some distance from the Justice Court. The assaulted party reached the forks of the road first and passed on. A hitch rein on one of his horses became loosened. This horse belonged to the woman who was accompanying prosecutor and his wife. She informed prosecutor that if the pony stepped on the loose rein he would become frightened and run away. So the assaulted party got out of the carriage to fasten up the rein, and while so doing appellant and his crowd overtook them, and immediately got out of their hack and began the difficulty with the prosecuting witness. There is conflict in the evidence as to the size of the sticks, clubs, and pine knots that were used by the assaulting parties in the fight. They had a right considerable round among themselves. Dearman struck the prosecuting witness and they became entangled in a collision, the prosecuting witness falling on top. One of the other parties ran up and pulled prosecuting witness off and let the other man get on top, whereupon prosecuting witness' wife jumped out of their vehicle and took part in the difficulty rather vigorously from her testimony. While thus engaged appellant ran up with a stick—an oak limb—and struck prosecuting witness over the shoulder and he was beaten so as to disable him to such an extent that he could not use his hands in handling the reins in driving his team. Some of the evidence for the State is to the effect

that the clubs were of sufficient weight and size to kill a man. Without going into a detailed statement of the size and description of the different pine knots, pine limbs and oak limbs that were used in the fight, we think there was sufficient evidence to show the deadly character of the sticks and clubs used. The transaction seems to have come to a rather sudden termination by the crowd rolling or tumbling about and finally landing in a yellow-jacket nest. These yellow-jackets seemed to have become busy rather suddenly, and it may be inferred from the testimony that the yellow-jackets resented this invasion of their domain quite earnestly and got their business ends into operation vigorously. This brought about a sudden termination of the difficulty, and dispersion of the parties. The fight ended. We are of opinion that the evidence is sufficient to sustain the verdict of the jury, and that the trial court was not in error in refusing a new trial for this reason.

The judgment is therefore affirmed.

*Affirmed.*